Mr. Jim Pickens, Director Arkansas Department of Economic Development One Capitol Mall Little Rock, AR 72201
Dear Mr. Pickens:
This official Attorney General opinion is issued in response to certain questions you have presented concerning the Arkansas Freedom of Information Act (FOIA).
You indicate that in July, certain conferences were held in various locations within the state, and that the Department of Economic Development compiled a database consisting of the name, address, phone number, fax number, and electronic mail address of approximately 1200 registrants at the conferences.
Your department has now received a request for the entire database. You have denied the request on the grounds that the information may be used in the future for direct marketing and solicitation purposes. It is your view that this purpose is not a relevant public interest within the meaning of the FOIA.
You have presented the following questions about the above-described situation:
 (1) Was the decision not to release the database consisting of third parties' names and contact information a violation of the Freedom of Information Act? More specifically, does the principle of balancing the public interest against an individual's right to privacy, as encoded in the Arkansas Supreme Court case of Stilley v. McBride apply to this situation, even though the information sought does not fall within any specific exemption under A.C.A. § 25-19-105?
 (2) Is there any rule similar to the Driver's Privacy Protection Act that will protect private individuals' contact information from dissemination for marketing and solicitation purposes?
 (3) Do you recommend that the Department of Economic Development include a clause in its registration forms that would allow the third party to opt out of any disclosure of their contact information? Would such a clause be sufficient to address the issue in question?
RESPONSE
Question 1 — Was the decision not to release the database consisting ofthird parties' names and contact information a violation of the Freedomof Information Act? More specifically, does the principle of balancingpublic interest against an individual's right to privacy, as encoded inthe Arkansas Supreme Court case of Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998), apply to this situation, even though the informationsought does not fall within any specific exemption under A.C.A. §25-19-105?
It is my opinion that the decision not to release the database was a violation of the FOIA. In my opinion, the principle of balancing the public interest against an individual's right to privacy, as discussed inStilley v. McBride is not applicable to the situation you have described.
The balancing principle to which you refer arises only in the context of the specific exemption in the FOIA for personnel records, as set forth in A.C.A. § 25-19-105(b)(10). Under that test, personnel records will be released unless their release would constitute a "clearly unwarranted invasion of personal privacy" of the subject of the records. In order to make a determination of whether the release of personnel records will constitute a clearly unwarranted invasion of personal privacy, the courts will weigh the public's interest in the records against the individual's privacy interest in the records. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). The records that were at issue in Stilley v. McBride
were personnel records. The Stilley court held that an inquiry into the purpose for which the records were requested was relevant to the balancing test that is applicable to personnel records under A.C.A. §25-19-105(b)(10).
In contrast, the database that you have described does not constitute a personnel record. For this reason, the balancing test of A.C.A. §25-19-105(b)(10) does not apply to it. Indeed, the database does not fall within any of the exemptions set forth in the FOIA. Rather, the database simply constitutes a "public record," within the meaning of the FOIA. The FOIA defines "public records" as follows:
 (1) "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-102(1). All "public records" are subject to disclosure unless they fall within a specific exemption. A.C.A. § 25-19-105(a).
Because the database that you have described falls squarely within the FOIA's definition of "public records," and because it does not fall within any exemption, it is subject to disclosure.
Question 2 — Is there any rule similar to the Driver's Privacy ProtectionAct that will protect private individuals' contact information fromdissemination for marketing and solicitation purposes?
I am not aware of any state or federal law that generally protects individuals' "contact information."[1] However, specific items of information may be protected from disclosure under certain laws. For example, you mentioned the Driver's Privacy Protection Act (18 U.S.C. §§ 2721 et seq.), which requires that driver's license numbers be kept confidential. Similarly, social security numbers may be required to be kept confidential under the "Federal Privacy Act. See 5 U.S.C. § 552a. Although this act applies generally to federal agencies, rather than to state agencies, one section of the act does apply to certain state agencies. Section 7 of the original act [P.L. 93-579], which is set forth in the form of a note to 5 U.S.C. § 552a, prohibits certain local agencies from penalizing individuals for refusing to disclose their social security numbers. This office has relied on this requirement as a basis for concluding that social security numbers should be kept confidential. See, e.g., Ops. Att'y Gen. Nos. 2001-185; 2000-203.
It should also be noted that under particular factual circumstances, individuals may have a privacy interest that rises to the level of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
It is unlikely, in my opinion, that individuals' contact information would rise to the level of constitutional protection under theMcCambridge principle. Nevertheless, I note that this is a question of fact that must be determined in the context of the particular factual situation. If the facts of a situation indicate that an individual's contact information meets the three prongs of the McCambridge test, the custodian of the records must then consider whether the public's legitimate interest in the information outweighs the individual's privacy interest in its non-disclosure. Again, this determination will be a factual one, based upon the information concerning the situation that is uniquely available to the custodian. If the custodian determines that the individual's privacy interest outweighs the public's interest in knowing this contact information, the information can be withheld under the principles discussed in McCambridge. I am aware that making this determination with regard to each registrant's information would be a burdensome task for the custodian of the records. The Department should consult its internal legal counsel as to whether such a determination is warranted given the type of information that is at issue.
Question 3 — Do you recommend that the Department of Economic Developmentinclude a clause in its registration forms that would allow the thirdparty to opt out of any disclosure of their contact information? Wouldsuch a clause be sufficient to address the issue in question?
It is my opinion that an individual cannot override the requirements of the FOIA by stating a preference that contact information not be disclosed. Again, in order for public records to be withheld from disclosure, they must fall within a specific exemption from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that Act 608 of 1981 added a clause to the FOIA to provide a general privacy exemption for information "of a personal nature." See Acts 1981, No. 608, § 1. However, that clause was repealed by Act 468 of 1985. See Acts 1985, No. 468, § 1.